UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELYSIA J. WATKINS,

Plaintiff,

v. CASE NO. 8:21-cv-2022-SDM-CPT

SHERIFF BOB GUALTIERI, et al.,

Defendants.
_________________________________/

**ORDER**

Appearing *pro se*, Elysia Watkins sues (Doc. 1-1) Sheriff Bob Gualtieri and Corporal Shawn Fox (1) for Fox's alleged use of excessive force and (2) apparently for Gualtieri's deliberate indifference to Fox's excessive force. Although the complaint fails to provide context, documents appended to the defendants' motion (Doc. 5) to dismiss suggest that on December 25, 2018, a Pinellas County Sheriff's Deputy arrested Watkins and booked her into the Pinellas County Jail.[1]

The complaint alleges the following. Watkins (presumably at the jail) was in a "non-threatening state" while a female deputy "attempt[ed] something" with Watkins's handcuffed hands and while the deputy conversed with Fox, who stood at an adjacent computer desk. (Doc. 1-1 ¶ 5) For unalleged reasons, Fox left the

[1] *See* Doc. 5 at 1. Apparently, the prosecutor declined the charges on which Watkins was arrested. *See State v. Watkins*, No. 18-19590-MM (Fla. 6th Jud. Cir., Pinellas Feb. 04, 2019). Because the complaint mentions neither, Watkins's arrest and the eventual declination are not considered in assessing the defendants' motion to dismiss.

computer station and "attacked" Watkins by "[throwing Watkins] onto a table counter and shov[ing] her handcuffed hands . . . up to the back of her neck" (Doc. 1-1 ¶ 5(b)), tearing Watkins's rotator cuff. (Doc. 1-1 ¶ 24) Watkins raised her leg in pain and "Fox smashed her leg back down." (Doc.1-1 ¶ 5(b)) After the attack, Watkins requested medical attention "for a length of time" before officers took Watkins "to the medical area." (Doc. 1-1 ¶¶ 10–15) Watkins's injury required treatment "by her primary care physician, physical therapist, neuro massage therapists, and [orthopedic surgeon]"and requires continual massage therapy treatment. (Doc. 1-1 ¶¶ 25–26)

Watkins appears to assert[2] against each defendant a claim for negligence (Count I) and a claim under 42 U.S.C. § 1983 (Count IV). Against Fox only, Watkins asserts a claim for battery (Count II) and for assault (Count III). The defendants jointly move (Doc. 5) to dismiss each count.

As a preliminary matter, Count I warrants dismissal because "Florida does not permit a cause of action for 'negligent use of excessive force'" and because Watkins alleges no negligence distinct from Fox's intentional use of force. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1263 (11th Cir. 2001). Also, because the complaint demonstrates that Watkins never anticipated Fox (who attacked from behind), the

---

[2] The complaint fails to state against which defendant each count is brought. A generous reading of the prayer for relief in each count suggests that the complaint asserts Counts I and IV against each defendant and asserts Counts II and III against Fox only.

assault claim fails and Count III warrants dismissal. *State v. White*, 342 So. 2d 630, 631 (Fla. 1975). Resolving Counts II and IV requires additional discussion.

**I. Counts II and IV do not warrant dismissal for qualified immunity.**

Moving to dismiss, the defendants assert qualified immunity for Fox's conduct. (Doc. 5 at 5–10) Conceding that Fox acted in his discretionary authority, Watkins argues that the defendants cannot invoke qualified immunity because Fox violated a clearly established constitutional right. (Doc. 10 at 4)

The use of excessive force against a handcuffed and compliant suspect violates a clearly established Fourteenth Amendment right. *Hadley v. Gutierrez*, 526 F.3d 1324, 1333 (11th Cir. 2008) Under *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), force is excessive if "objectively unreasonable." Determining the objective reasonableness of force requires considering "from the perspective of a reasonable officer on the scene" (1) the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) the officer's effort, if any, to temper or limit the force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) the extent to which the plaintiff was resisting. *Kingsley* at 402.

The defendants argue that no analysis of these factors needs to occur because Fox used mere "de minimis" (and thus reasonable) force against Watkins. (Doc. 5 at 7) Although de minimis force is reasonable during an arrest, the de minimis force exception is inapplicable when "a suspect has been subdued, is not resisting, and poses no threat." *Saunders v. Duke*, 766 F.3d 1262, 1269–70 (11th Cir. 2014). For example, in *Shuford v. Conway*, 666 Fed. Appx. 811 (11th Cir. 2016), otherwise de

minimis "pressure point control techniques" constituted excessive force against a pretrial detainee because "the need for force had completely subsided." *Shuford* at 818.

According to her complaint, Watkins was handcuffed and complying with another officer when Fox "threw [Watkins] onto a table counter and shoved her handcuffed hands and arms . . . up to the back of her neck." (Doc. 1-1 ¶ 5) Although Watkins reacted in pain, Fox neither tempered nor limited the force (Doc. 1-1 ¶ 5(b)–(c)) and tore Watkins's rotator cuff. (Doc. 1-1 ¶¶ 25–27) Under the alleged circumstances, no need for force existed and Fox's conduct was objectively unreasonable. Because the complaint sufficiently alleges that Fox used excessive force, no count warrants dismissal for qualified immunity.

## II. The complaint is a shotgun pleading.

Although the factual allegations overcome a motion to dismiss based on qualified immunity, Counts II and IV fail to satisfy Rule 8, Federal Rules of Civil Procedure, because the complaint is a shotgun pleading under *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015). First, Count IV appears to allege a Section 1983 claim against both Fox and Gualtieri but fails to specify the factual allegations that underpin each claim.[3] To state a Section 1983 claim against Gualtieri under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), Watkins must demonstrate that the Pinellas County Sheriff's Office by policy or deliberate

[3] Each count's failure to specify the defendant against which a claim is alleged further supports that the complaint is a shotgun pleading. *Weiland*, 792 F.3d at 1323.

indifference caused the excessive force. This standard differs substantially from the standard for stating a Section 1983 claim against Fox personally. Because Watkins combines into one count two distinct claims against two defendants without identifying the factual allegations that support each theory, the complaint fails to satisfy Rule 8.

Further, because no count re-alleges or incorporates a factual allegation, the defendants lack fair notice of the allegations on which each claim rests. Fox can reasonably infer that the claims against him in Counts II and IV rely on paragraphs five and twenty-four. But other than those two paragraphs, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325. Because the defendants cannot discern which allegations support Counts II or IV, which allegations support a dismissed count, and which allegations provide context only, the complaint fails to satisfy Rule 8.

## CONCLUSION

The motion (Doc. 5) to dismiss is **GRANTED**. The first amended complaint (Doc. 1-1) is **DISMISSED WITHOUT PREJUDICE**. Not later than **NOVEMBER 24, 2021**, Watkins may file an amended complaint that separately identifies the claims against each defendant and the factual basis for each claim.

Also, Watkins moves for "summary judgment" (Doc. 3) and to compel discovery (Doc. 11). In the motion for summary judgment, Watkins misconstrues *Howlett v. Rose*, 496 U.S. 356 (1990), and requests a remand under the Supremacy Clause. (Doc. 3 at 1) The action arises under federal law and is properly removed

under 42 U.S.C. § 1441. Construed as a motion to remand, the motion (Doc. 3), is **DENIED**. Because no discovery obligation yet exists under Rule 26, Federal Rules of Civil Procedure, the motion (Doc. 11) to compel discovery is **DENIED**.

Finally, Watkins files each paper in a curious combination of black and grey text that fails to satisfy the font size requirements of Local Rule 1.08(b). Watkins is reminded to comply with Local Rule 1.08 when filing a paper. Further failure to comply with the Local Rules might result in an order striking the paper and requiring the party to re-file.

**A CAUTION TO WATKINS**

Litigation in federal court is difficult and requires knowledge of (and timely compliance with) applicable rules, including the Federal Rules of Civil Procedure; the Local Rules; the Federal Rules of Evidence; and several procedural, discovery, and other orders. For example, the standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1958), cited in the response (Doc. 10) to the motion to dismiss, no longer governs the analysis of a motion to dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A judge cannot assist a party, even a *pro se* party, in conducting an action. Therefore, Watkins is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on October 6, 2021.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE