UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELYSIA WATKINS,

Plaintiff,

v. CASE NO. 8:21-cv-2022-SDM-CPT

BOB GUALTIERI, et al.,

Defendant.
_______________________________/

**ORDER**

On Christmas Day in 2018, Elysia Watkins was arrested and booked into the Pinellas County jail. (Doc. 15 at 3) During the booking and while Watkins was handcuffed and allegedly "in a vulnerable and non-threatening state," Corporal Shawn Fox, Pinellas County Sheriff's Office, allegedly without provocation threw Watkins "onto a table counter and shoved her handcuffed hands and arms[] . . . up to the back of her neck," tearing Watkins's rotator cuff. (Doc. 15 at 3–4) Appearing *pro se*, Watkins sues (Doc. 15) Fox and the Pinellas County Sheriff, Bob Gualtieri, and asserts claims under Florida law and under 42 U.S.C. § 1983. The defendants move (Doc. 16) to dismiss and to strike material in the amended complaint. Watkins opposes (Doc. 17) in a one-paragraph paper.[1]

---

[1] Also, Watkins moves (Doc. 18) for "summary judgment," but the one-paragraph motion is identical to the response (Doc. 17). The motion (Doc. 18) warrants denial for the reasons stated in the defendants' response (Doc. 19).

## DISCUSSION

In seven counts, the amended complaint asserts five claims. Counts 1 and 3 assert no claim and state "this count has been dismissed[.]" (Doc. 15 at 9, 15) Count 2 asserts against Fox a claim for battery under Florida law. Counts 4 and 5 assert against Fox a Section 1983 claim for violation of the Fourteenth and Eighth Amendments, respectively. And Counts 6 and 7 assert against Gualtieri a Section 1983 claim for violation of the Fourteenth and Eighth Amendments, respectively. Moving (Doc. 16) to dismiss, the defendants argue (1) that the Section 1983 claims predicated on the Eighth Amendment warrant dismissal, (2) that the claims against Gualtieri warrant dismissal, and (3) that the complaint fails to satisfy Rule 8, Federal Rules of Civil Procedure, or that several allegations and requests for relief warrant striking.

1. The Eighth Amendment claims warrant dismissal.

Citing *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977), the defendants correctly argue that Counts 5 and 7 warrant dismissal because "[t]he Eight Amendment . . . applies after conviction" only. (Doc. 16 at 5) As *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419 (11th Cir. 1997), conclusively states, "A government official's treatment of a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment, . . . [and] the Eight Amendment governs an official's treatment of a convicted prisoner." *Lancaster* at 1425 n.6 (internal citations omitted). Because Watkins challenges conduct that occurred during Watkins's pre-trial detention, the Fourteenth Amendment — not the Eighth Amendment — governs.

2. The claims against Gualtieri warrant dismissal.

Counts 6 and 7 assert two Section 1983 claims against Gualtieri in his capacity as the Pinellas County Sheriff. (Doc. 15 at 25–33) Because Watkins fails to allege Gualtieri's participation in her alleged injury, Watkins must allege under *Monell v. Department of Social Services of the City of New York.*, 436 U.S. 658 (1978), a basis for municipal liability. Moving (Doc. 16 at 6–8) to dismiss Counts 6 and 7, the defendants correctly argue that Watkins fails to allege a basis for municipal liability.

First, Watkins argues that Gualtieri "is the leadership of Corporal Fox, who[] acts in place of the sheriff when the sheriff is not present." *Monell* imposes Section 1983 liability on a municipality "that . . . 'causes' an employee to violate another's constitutional rights." "[I]n other words, a municipality cannot be held liable under [Section] 1983 on a *respondeat superior* theory." *Monell* at 691. Watkin's allegation that Fox "acts in place of [Gualtieri]" (Doc. 15 at 25) is exactly the type of *respondeat superior* claim prohibited by *Monell*.

Next, Watkins alleges that no deputy intervened to stop Fox because "[t]he deputies followed what they believed to be their leadership's philosophy." This allegation appears to allege a custom in the Pinellas County Sheriff's Office. To plead a municipal custom, a plaintiff must identify "[a] pattern of similar constitutional violations" in the municipality. *Craig v. Floyd County, Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997)). "A single incident of a constitutional violation is insufficient to prove a . . . custom even when the incident involves several employees of the

municipality." *Craig* at 1311. Because Watkins fails to identify a pattern of similar conduct in the Pinellas County Sheriff's Office, Watkins fails to plead a custom.

Finally, Watkins argues that by failing to punish Fox, Gualtieri "supported and condoned" — that is, ratified — Fox's use of excessive force. (Doc. 15 at 26) To plead that a municipal officer ratified a subordinate's constitutional violation, a plaintiff must demonstrate that the officer "had an opportunity to review the subordinate's decision and agreed with both the decision and the decision's basis." *Salvato v. Miley*, 790 F.3d 1286, 1296 (11th Cir. 2015). And this opportunity for review must occur "'before [the challenged conduct] bec[a]me final.'" *Salvato* at 1296 (quoting *Thomas ex rel. Thomas v. Roberts*, 1160, 1174 (11th Cir. 2001), *vacated sub nom. Thomas v. Roberts*, 536 U.S. 953 (2002), *and reinstated* 323 F.3d 950 (11th Cir. 2003)); *accord Simmons v. Bradshaw*, 879 F.3d 1157, 1168–69 (11th Cir. 2018). Thus, as *Salvato* and *Simmons* hold, a sheriff's *post hoc* failure to punish a constitutional violation "'cannot ratify [the] constitutional violation.'" *Simmons* at 1169 (quoting *Salvato* at 1295). Because the alleged approval occurred after the alleged injury, Watkins fails to plead ratification. Because Watkins fails to allege Gualtieri's municipal liability for the alleged constitutional violations, Counts 6 and 7 warrant dismissal.

3. Material in the amended complaint warrants striking.

The defendants challenge the sufficiency of the amended complaint by arguing (1) that the complaint fails to satisfy Rule 8, Federal Rules of Civil Procedure, (Doc. 16 at 9–10); (2) that several "irrelevant and impertinent" factual allegations

warrant striking (Doc. 16 at 11–12); and (3) that several "improper" requested remedies warrant striking (Doc. 16 at 12–15). Although the amended complaint — analyzed with the leniency that *Pinson v. JP Morgan Chase Bank NA*, 942 F.3d 1200 (11th Cir. 2019), affords a pro se party — satisfies Rule 8 and no factual allegation warrants striking, Watkins's requested relief warrants further discussion.

Against Fox, Watkins requests (1) compensatory damages; (2) "pecuniary and punitive damages"; (3) an attorney's fee and costs; (4) that Fox be "fined, charged[,] and sentenced"; and (5) that Fox be "terminat[ed] . . . from any law enforcement agency" and barred "from current or future employment for any law enforcement agency."[2] (Doc. 15 at 14) First, a district court cannot order the initiation of a state-court criminal prosecution of the termination of a deputy sheriff. Also, under *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), Watkins lacks standing to sue for injunctive relief. Further, as the defendants note (Doc. 16 at 14), Count 2 establish a basis for an award of an attorney's fee and costs under state law. Thus, the requests for injunctive relief and Count 2's request for an attorney's fee and costs warrant striking.

---

[2] As the defendants note, Watkins requests this relief in Count 2 but fails to request any relief in Count 4. Presumably, Watkins requests the same relief in Count 4 as in Count 2 but, as discussed below, an amended complaint should separately request the relief for each count.

## CONCLUSION

For the reasons stated, the motion (Doc. 16) to dismiss and strike is **GRANTED-IN-PART**. Counts 5, 6, and 7 are **DISMISSED** and Sheriff Bob Gualtieri is **DISMISSED**. Counts 2 and 4 continue. The relief requested in paragraphs (A), (F), (G), and (H) of Count 2 are **STRICKEN**. The motion (Doc. 17) for summary judgment is **DENIED WITHOUT PREJUDICE**.

Not later than **MAY 2, 2022**, Watkins must amend the complaint to remove the dismissed counts and stricken requests. The amended complaint should remove each dismissed count, including Counts 1 and 3. In other words, the amended complaint should assert two counts: the battery claim against Fox and the Fourteenth Amendment Section 1983 claim against Fox. Because this order strikes Count 2's request for an attorney's fee and costs, the amended complaint should separately request relief for each of the two counts and may request an attorney's fee and costs in the Section 1983 count only.

ORDERED in Tampa, Florida, on April 7, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE