UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELYSIA J. WATKINS,

    Plaintiff,

v.                                          CASE NO. 8:21-cv-2022-SDM-CPT

SHAWN FOX,

    Defendant.
_____/

**ORDER**

Elysia Watkins sues Shawn Fox, a deputy sheriff in Pinellas County, and asserts two claims based on Fox's alleged excessive force during Watkins's booking in the Pinellas County Jail. Fox moves (Doc. 66) for summary judgment, Watkins responds (Doc. 95), and Fox replies (Doc. 96).

**BACKGROUND**

On December 25, 2018, a St. Petersburg police officer arrested Watkins and delivered Watkins to the Pinellas County Jail. (Doc. 66-2 at 22) The jail's cameras recorded Watkins's time in the jail, and Fox submits the videos from the cameras (Doc. 66-3 ex. A). The videos establish the following facts, which are "viewed . . . in the light depicted by the video[]." *Scott v. Harris*, 550 U.S. 372, 381 (2007).

With her hands cuffed behind her back and with a transport chain secured to her mid-section, Watkins entered the intake-receiving area of the jail. The jail staff knows that only an unruly detainee needs transport chains. (Doc. 66-4 ¶ 7) Fox

directed Watkins to a counter, which Watkins faced while standing about two steps away.  On a computer on the counter, Fox began logging Watkins's information, and another deputy began to inventory Watkins's property.  Standing behind Watkins, Kristen Paul, a deputy sheriff, frisked Watkins to search for any weapon or contraband.  During this procedure, Watkins and Fox bickered.

Paul began removing the transport chain from Watkins, but Watkins remained handcuffed (Paul, however, exchanged the transport officer's handcuffs for Paul's handcuffs).  While Paul exchanged the handcuffs and removed the transport chain, Watkins told the inventorying deputy to "shut the f**k up."  Watkins stepped towards the deputy to whom Watkins directed her indecorous command.

Immediately after Watkins stepped forward, Paul and the transport officer removed the transport chain.  Watkins turned almost completely around toward Paul. Fox approached Watkins's side and physically directed Watkins to face the booking counter.  While Fox physically restrained Watkins to ensure that Watkins remained facing the booking counter, Paul began removing rings from Watkins's fingers.  Watkins lunged away from Fox, who immediately responded by forcing Watkins face down on the booking counter.  Fox twice told Watkins, "Do not grab."  As Paul continued her attempt to remove the rings from Watkins's fingers, Fox attempted to restrain Watkins's right forearm and left hand.  Watkins squirmed and lifted her foot in the air.  Fox twice ordered Watkins to keep her foot down.  To force Watkins's foot to the floor, Fox released Watkins's left hand, and with his free hand Fox pushed Watkins's foot toward the floor.  Upon Fox's releasing his grip from

Watkins's left hand, Watkins attempted to grab Paul's wrist. Fox gripped Watkins's left forearm and forced Watkins back to a straight, face-down position on the booking counter.

After Paul removed the ring, Fox, still gripping Watkins's forearms, eased Watkins back to a standing position. Watkins fought Fox's control with a small jerking movement away from Fox. While telling Watkins "Don't turn," and "Stop," Fox held Watkins against the booking counter until she (somewhat) complied. Unremarkably and without force, Fox escorted Watkins to the holding cell.

## DISCUSSION

Fox moves for summary judgment on the claim under Section 1983 and on the claim under Section 784.045, Florida Statutes. Fox contends that he enjoys qualified immunity from the Section 1983 claim and argues that the objective reasonableness of the force against Watkins entitles Fox to summary judgment on the Florida claim. Each argument requires separate discussion.

**I.   Section 1983**

Objectively unreasonable force against a pre-trial detainee violates a detainee's right under the Fourteenth Amendment. *Myrick v. Fulton County, Georgia*, 69 F.4th 1277, 1300–01 (11th Cir. 2023). But if an officer's force against a detainee violates no clearly established constitutional right, qualified immunity protects the officer from liability. Because no party disputes that Fox acted within his discretionary authority, Watkins must show both (1) that Fox violated a constitutional right and (2) that the right was clearly established at the time of the violation. Because no law

clearly established that Fox's conduct violated a constitutional right, qualified immunity applies.

A constitutional right is clearly established (1) if a binding judicial decision with an indistinguishable fact pattern concludes that a constitutional violation occurred; (2) if "a broad statement of principle within the Constitution, statute, or case law" clearly defines the right; or (3) if the constitutional violation is obvious due to conspicuously egregious conduct. *Myrick*, 69 F.4th at 1300. Watkins never argues that a decision with an indistinguishable fact pattern exists, and a search for an indistinguishable decision yields no results. Further, Watkins never argues that, in the absence of clearly established law, Fox's conduct nonetheless obviously violates the Fourteenth Amendment.

Watkins argues that Fox's conduct violated the broad principle that "[t]he use of excessive force against a handcuffed and compliant suspect violates a clearly established Fourteenth Amendment right." (Doc. 95 at 5) Watkins argues that "no need for force existed," that Fox "injured [Watkins] for no reason," and that Fox's force "was objectively unreasonable because [Watkins] was a pretrial detainee, handcuffed, not resisting, and a non-threat." (Doc. 95 at 7, 9) Watkins correctly states the legal principle. *Piazza v. Jefferson County, Alabama*, 923 F.3d 947, 953 (11th Cir. 2019), explains that "[w]hen jailers continue to use substantial force against a prisoner who has clearly *stopped resisting* — whether because he has decided to become compliant, he has been subdued, or he is otherwise incapacitated — the use of force is excessive." (internal quotations omitted).

- 4 -

But Watkins incorrectly describes her conduct as compliant. The video shows Watkins's resisting. Watkins berates a deputy, lunges toward a deputy (and away from Paul, who was attempting to remove the transport chain), turns almost completely around, and again lunges away from Paul. Fox verbally instructed Watkins to relax, to be still, to stop grabbing, and to keep both feet on the ground. But Watkins declined to comply. Watkins's resistance and failure to obey instructions elicited Fox's force. Because Watkins resisted, Fox's use of force violates no clearly established constitutional right.

## II. Section 784.045, Florida Statutes

Located in Florida's criminal code, Section 784.045, Florida Statutes, defines the crime of, and sets the punishment for, aggravated battery. Watkins sues Fox for committing aggravated battery. But no Florida court has determined that Section 784.045 establishes a private right of action, and the language in the statute neither explicitly nor implicitly establishes a private right of action. A private citizen has no power to prosecute a crime.

To the extent that Watkins alleges facts to support a civil battery claim under Florida common law, this claim belongs in a Florida court. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (stating that if a state-law claim remains after an order dismisses every federal claim, an order should "typically" dismiss the state-law claim "without prejudice as to refiling in state court"). Although Fox argues for summary judgment on a civil battery claim, Watkins fails to respond to that argument. In any event, under Florida law, a jury decides "[w]hether a police officer

used excessive force." *Wright v. State*, 705 So. 2d 102, 105 (Fla. 4th DCA 1998). Also, Watkins will likely need to amend her complaint to clarify that her battery claim proceeds under civil law. A Florida court — the ideally suited jurisdiction for a Florida claim — should resolve any Florida battery claim.

## CONCLUSION

For these reasons, the motion (Doc. 66) for summary judgment is **GRANTED-IN-PART**. As to "Count 4" in the complaint (the claim under Section 1983), the clerk must enter judgment for Shawn Fox and against Elysia J. Watkins. The only remaining claim — the battery claim under Florida law — is **DISMISSED WITHOUT PREJUDICE**. This order declines supplemental jurisdiction but dismisses the claim without prejudice to Watkins's right to assert the claim in a Florida court. The clerk must close the case.

ORDERED in Tampa, Florida, on May 8, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE